## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 06 2020, 10:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jimmy Dale Acrey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 6, 2020

Court of Appeals Case No.
19A-CR-2536

Appeal from the
Henry Circuit Court

The Honorable
Kit C. Dean Crane

Trial Court Cause No.
33C02-1806-F2-7

**Kirsch, Judge.**

[1] Following his guilty plea to possession of methamphetamine as a Level 3 felony,[1] Jimmy Dale Acrey ("Acrey") was sentenced to sixteen years in the Department of Correction. Contending that his sentence is inappropriate in light of both the nature of the offense and defendant's character, he now appeals.

[2] We affirm.

## Facts and Procedural History

[3] Acrey's sale of methamphetamine to a confidential informant prompted police to execute a search warrant at his home on June 27, 2018. During the search, police found over 360 grams of methamphetamine, drug pipes, a handgun, marijuana, drug paraphernalia, and a large amount of cash.

[4] The State charged Acrey with two counts of dealing in methamphetamine, unlawful possession of a firearm by a serious violent felon, unlawful possession of a syringe, two counts of maintaining a common nuisance, possession of paraphernalia, and possession of marijuana. Acrey agreed to plead guilty to possession of methamphetamine as a Level 3 felony, and the State agreed to dismiss the remaining counts and to not seek an habitual enhancement.

---

[1] *See* Ind. Code § 35-48-4-1.1.

Sentencing was left to the trial court's discretion, and the trial court sentenced Acrey to sixteen years.

## Discussion and Decision

[5] Acrey argues that his sentence is inappropriate. Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007). Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Acrey bears the burden of persuading us that his sentence is inappropriate. *Id*.

[6] Acrey's criminal history dates back to 1960. He was placed in the Indiana Boys School five times in five years beginning when he committed auto theft and burglary at the age of twelve. As an adult, he has nine felony convictions in Indiana, several more in Kentucky, and numerous misdemeanor convictions. Acrey has had a serious drug habit for many years and has used methamphetamine since 1985. He had treatment opportunities in a therapeutic community at New Castle Correctional Facility for fourteen months, but he admitted he only used that program to earn a time cut. He continued to use drugs while he was in prison, and he admitted using methamphetamine while in jail pending trial in this case.

[7]    During the sentencing hearing, the trial court referenced Acrey's age of seventy-one years old, noting that "somebody at that age can control their own destiny." *Tr. II* at 38. The trial court also noted that he has ill health and is an addict. However, the trial court noted:

> I look through this, and there is a long and storied history of felonies, executed time, there's been efforts at probation, there's been efforts at community corrections, there's been efforts in the past with regard to treatment with – at a minimum, within the Department of Corrections, all those things did not rehabilitate Mr. Acrey, and those things did not stop the current matter that's before the Court right now. Mr. Acrey's criminal activity far outweighs any purported mitigators, and the Court doesn't recognize any mitigators with regard to Mr. Acrey. Mr. Acrey, frankly, sir, with your history you're pretty fortunate to have avoided a thirty-year sentence on a level two felony in my humble opinion.

*Id.* at 39.

[8]    As this court has recognized, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Acrey was in possession of nearly 400 grams of methamphetamine, many times the amount necessary to violate the statute. In addition, Acrey received a significant benefit from the plea agreement by having seven charges dismissed and avoiding an habitual offender enhancement. Furthermore, Acrey's character warrants the sentence imposed. He has an extensive criminal history and a lengthy pattern of drug use without any serious attempt at rehabilitation. Acrey has failed to

establish that the sixteen-year sentence was inappropriate in light of either the nature of the offense or defendant's character.

[9] Affirmed.

Bailey, J., and Mathias, J., concur.